IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| ANICETO BETANCOURT | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. CV06-421-S-BLW |
| v. | ) | |
| | ) | |
| CANYON COUNTY, et al. | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

Pending before the Court are Plaintiff's Motion for Reconsideration (Docket No. 7) from an Order severing his case and enjoining him from filing further legal documents on behalf of other individuals (Docket No. 5), Plaintiff's Petition for Class Action Setting (Docket No. 8), and Plaintiff's Motion for Extension of Time to File an Amended Complaint (Docket No. 10). For the following reasons, the Court has determined that Plaintiff's Motion for Reconsideration (Docket No. 7) will be denied, Plaintiff's Petition for Class Action Setting (Docket No. 8) will be denied, and Plaintiff's Motion for Extension of Time to File an Amended Complaint (Docket No. 10) will be granted.

**ORDER  1**

## MOTION FOR RECONSIDERATION

Plaintiff moves the Court for reconsideration (Docket No. 7) of its December 19, 2008 Order severing his case and enjoining him from filing legal documents on behalf of other plaintiffs (Docket No. 5). On December 17, 2008, the Court held a show cause hearing on why Plaintiff (1) should not be declared a vexatious litigant subject to a pre-filing review order, (2) should not have his claims severed from the claims of other plaintiffs, and (3) should not be enjoined from filing and signing legal documents on behalf of other plaintiffs (Docket No. 5 at p. 2).  The Court concluded that it was not necessary to adjudicate the vexatious litigant issue because Plaintiff had acknowledged that he would follow the Court's narrowed order (*Id.* at p. 6).  The Court found that Plaintiff is not a licensed attorney or an inmate and that he had prepared and signed legal documents for other persons (*Id.*).  The Court further found that these actions have caused the Court and Defendants' counsel unnecessary work, complicated and delayed cases, and confused litigants (*Id.*). Accordingly, the Court ordered Plaintiff's case severed from the other plaintiffs and ordered him to not prepare, sign, or file any pleadings for other persons in the consolidated[1] cases (*Id.* at pp. 6-7 ).

---

[1] *Valenzuela v. Canyon County*, No. CV06-393-S-BLW; *Torres v. Vasquez*, No. CV06-422-S-BLW.

**ORDER  2**

In his Motion for Reconsideration (Docket No. 7), Plaintiff argues that the Court's Order is in violation of constitutional and federal statutory law and Judge Boyle's order granting class action status in the consolidated cases. The Court rejects these arguments. Plaintiff does not articulate any manner in which the Court's order violated constitutional or federal statutory law, but simply lists a string of constitutional amendments, rules, and statutes. After a careful review of the record, the Court finds no indication that its December 19, 2008 Order (Docket No. 5) is contrary to law.  Further, the Court has never granted class action status in any of the consolidated cases. Accordingly, Plaintiff's Motion for Reconsideration (Docket No. 7) will be denied.

The Court notes it appears that Plaintiff continues to prepare filings for other plaintiffs in other cases. Specifically, part of Erick Martinez's Amended Complaint in *Valenzuela v. Canyon County*, CV06-393-S-BLW, Docket No. 153, was written in Plaintiff's handwriting.  Plaintiff is warned that such actions are in violation of this Court's prior Order (Docket No. 5).  Plaintiff must cease preparing legal documents for other persons. Failure to comply with this Court's Order will result in the imposition of sanctions.

**PETITION FOR CLASS ACTION SETTING**

**ORDER  3**

Plaintiff moves pursuant to Rule 23 of the Federal Rules of Civil Procedure to have his case certified as a class action (Docket No. 8). Plaintiff argues that a "class action setting" is appropriate because it had already been granted by Judge Boyle, all plaintiff's have similar claims, and there are new prospective plaintiffs who have suffered similar violations of civil rights (*Id.*). As discussed above, the Court has never granted class action status in any of the consolidated cases.

Rule 23(a) provides that a court should certify a class only if the following prerequisites are met:  (1) the class is too numerous, making joinder of the parties impracticable;  (2) common questions of law or fact exist among the class members;  (3) the claims of the class representatives are typical of the claims of the class;  and (4) the class representatives will adequately represent the interests of the class. Fed. R. Civ. P. 23(a).  In addition to satisfying the mandatory prerequisites in Rule 23(a), the potential class members must also demonstrate that they meet at least one of the alternative requirements under Rule 23(b).  Fed. R. Civ. P. 23(b).  In Plaintiff's one paragraph motion, he has not demonstrated that the requirements of Rule 23 have been met.  Accordingly, Plaintiff's Petition for Class Action Setting (Docket No. 8) will be denied.

## MOTION FOR EXTENSION OF TIME TO FILE AMENDED COMPLAINT

**ORDER  4**

On January 5, 2009, the Court ordered Plaintiff to file an amended complaint no later than January 30, 2009 (Docket No. 6). Plaintiff timely requested an extension of time and then filed two separate amended complaints. The amended complaints, however, did not conform to the Court's January 5, 2009 order specifically detailing the manner in which the new complaint should be organized. The Court shall allow Plaintiff one final opportunity to comply with its previous order. Plaintiff is granted thirty (30) days from the date of entry of the present Order to file a properly organized amended complaint.

As previously ordered, Plaintiff shall organize his amended complaint by numbered causes of action. Under each cause of action, he shall state the following: (1) the name of the person who personally participated in causing the alleged deprivation of his constitutional rights; (2) facts showing the person is a state actor or facts showing that non-state actors conspired with state actors to violate Plaintiff's civil rights; (3) the dates on which the conduct of each defendant allegedly took place; (4) the specific conduct or action Plaintiff alleges is unconstitutional; (5) the damages or injury suffered; (6) the particular constitutional provision under which Plaintiff makes the claim;[2] and (7) the

---

[2] This format should be modified accordingly if Plaintiff alleges state law claims under the Court's pendent jurisdiction.

**ORDER  5**

particular type of relief he is seeking from each defendant.

As such, the Court shall grant Plaintiff's Motion for Extension of Time (Docket No. 10).

**Plaintiff is forewarned that failure to comply with this Order will result in the dismissal of his case without prejudice**. Plaintiff is also informed that because this case has been pending since 2006 and because Plaintiff has repeatedly taken actions which have complicated and delayed his cases, confused litigants, and burdened the Court and counsel with unnecessary work, no further extensions of time to file the amended complaint will be entertained by the Court.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Motion for Reconsideration (Docket No. 7) is DENIED.

IT IS FURTHER HEREBY ORDERED that Plaintiff's Petition for Class Action Setting (Docket No. 8) is DENIED.

IT IS FURTHER HEREBY ORDERED that Plaintiff's Motion for Extension of Time to File an Amended Complaint (Docket No. 10) is GRANTED.

IT IS FURTHER HEREBY ORDERED that Plaintiff shall file an amended complaint within (30) days from the date of entry of this Order, as set forth above.

**ORDER  6**



DATED: **February 20, 2009**

                                                    

Honorable B. Lynn Winmill
Chief U. S. District Judge

**ORDER 7**